IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERTO BLANCO,<br>    Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL,<br>LLC,<br>    Defendant. | §<br>§<br>§<br>§       EP-12-CV-134-PRM<br>§<br>§<br>§<br>§ |

### ORDER OF REMAND

On this day, the Court *sua sponte* considered Equable Ascent Financial, LLC's (EAF) "Notice of Removal" (ECF No. 1), filed on April 12, 2012. After due consideration, the Court is of the opinion that this matter should be remanded.

I.   BACKGROUND

EAF asserts that "[t]his suit was originally filed in the County Court at Law No. 5 in and for El Paso, County Texas as Cause No. 2010-6061 styled as *Roberto Blanco v. Equable Ascent Financial, LLC*." However, this assertion appears to be false.

The documents that EAF provided to the Court show that EAF is the original plaintiff and that the case in state court is captioned as *Equable Ascent Financial, LLC v. Roberto Blanco*. Pl.'s Original Pet., Feb. 16, 2010, ECF No. 4. EAF claims to be the "defendant" in this case based on counterclaims filed by Roberto Blanco (Blanco) and by virtue of its own decision to dismiss its claims in state court voluntarily. Therefore, an accurate statement of this case is to say that EAF is the original plaintiff who has dropped its claims and is now merely a counter-defendant.

## II. ANALYSIS

An accurate description of the parties demonstrates that this case is not appropriate for removal. Under the proper circumstances, a case pending in a state court "may be removed by the *defendant* or the *defendants*" to a United States District Court. 28 U.S.C. § 1441(a) (2006) (emphasis added). However, "[p]laintiffs cannot remove [a case to federal court], even when they are in the position of defendants with regard to a counterclaim asserted against them." 14C CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3730, at 432 (4th ed. 2009). There are exceptions to this general rule in the Fifth Circuit that may apply to a third-party indemnity defendant or to counter-defendants who were not a party to the original case. *Id.* at 432-37; *State of Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998) (discussing both exceptions). However, the logic of these exceptions does not apply to "ordinary counter-defendants" because "doing so would fly in the face of the well-pleaded complaint rule where the counter-defendants were the same parties as the state court plaintiffs." *Walker*, 142 F.3d at 816.

In addition to EAF's Original Petition, described above, the other documents from the state court proceedings demonstrate that EAF is the original plaintiff in this case and is merely an ordinary counter-defendant. *See, e.g.*, ECF No. 2 (providing state court documents including, Plaintiff's Motion for Summary Judgment, describing EAF as the plaintiff, and Plaintiff's Original Answer to Defendant's Counterclaim, describing EAF as the "Counter-Defendant/Plaintiff"). By dropping its claims in state court, EAF evidently believes it has engaged in jurisdictional alchemy, converting itself into a "defendant" who is entitled to removal. However, "[t]he Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against

2

it does not allow that party to invoke the right of removal conferred only on true defendants." *In Re Crystal Power Co., Ltd*, 641 F.3d 82, 86 n.10 (5th Cir. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105-08 (1941)). Despite its machinations, EAF is not a true defendant; EAF remains a plaintiff/counter-defendant who voluntarily brought its claims in state court and is not now entitled to removal.

Further, the federal rules relevant to removal proceedings provide that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). However, "attorney's fees should be denied if an objectively reasonable basis [for removal] exists." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)). The Court finds it appropriate to provide the parties an opportunity to brief the matter.[1]

## III.   CONCLUSION

EAF is the original plaintiff and an ordinary counter-defendant who voluntarily brought its claims in state court. Therefore, EAF is not entitled to removal based on Blanco's counterclaims.

Accordingly, **IT IS ORDERED** that the above-captioned cause is **REMANDED** to the County Court at Law No. 5 of El Paso County, Texas.

---

[1] The Court notes that Blanco has not yet moved for remand. However, the Court also notes Blanco has indicated his intention to do so in his response to EAF's "Plea in Abatement." Resp. in Opposition to [EAF's] Plea in Abatement, Apr. 24, 2012, ECF No. 11. Therefore, the Court concludes that Blanco has already incurred some costs by responding to EAF's "archaic common law pleading" that was "abolished" in federal courts by the Supreme Court in 1938. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 720 (5th Cir. 1995) (explaining that the plea in abatement has been supplanted by Federal Rules of Civil Procedure 12(b) and 41). Further, the Court considers that Blanco may have already incurred expenses in researching and preparing to file a motion to remand.

**IT IS FURTHER ORDERED** that the Court will maintain jurisdiction of the issue of attorneys' fees pursuant to 28 U.S.C. 1447(c) and that **on or before May** __5__**, 2012,** both parties must **FILE** briefs and supporting documentation with the Court on the propriety and proper amount of attorneys' fees, if any, that the Court should award in this case.

**IT IS FURTHER ORDERED** that any pending motions before the Court are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court's orders requiring the parties to retain local counsel and to submit a proposed scheduling order, ECF Nos. 8, 9, and 10, are **VACATED.**

**SIGNED** this __4__ day of **May, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE