IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERTO BLANCO,<br>      Plaintiff, | § § § | |
| v. | § | EP-12-CV-134-PRM |
| EQUABLE ASCENT FINANCIAL,<br>LLC,<br>      Defendant. | § § § § § | |

## AWARD OF ATTORNEYS' FEES

On this day, the Court considered Equable Ascent Financial, LLC's (EAF) "Brief in Response to Order of Remand" [hereinafter EAF Brief] (ECF No. 17), filed on May 11, 2012; Roberto Blanco's (Blanco) "Response in Opposition to [EAF's] Brief in Response to Court's Order to Remand" (ECF No. 18), filed on May 15, 2012; Blanco's "Motion for Attorneys' Fees" [hereinafter Motion] (ECF No. 19), filed on May 15, 2012; EAF's "Response to Motion for Attorney's Fees" [hereinafter EAF Response] (ECF No 22), filed on May 25, 2012; and Blanco's "Reply to Response of [EAF] to Motion for Attorney's Fees" (ECF No. 23), filed on May 31, 2012 in the above-captioned cause. After due consideration, the Court is of the opinion that it should award reasonable attorneys' fees and cost in favor of Blanco and against EAF.

I.   BACKGROUND

EAF asserts that "[t]his suit was originally filed in the County Court at Law No. 5 in and for El Paso County, Texas as Cause No. 2010-6061 styled as *Roberto Blanco v. Equable Ascent Financial, LLC*." Notice of Removal, Apr. 12, 2012, ECF No. 1. However, this assertion is false. The documents that EAF provided to the Court show that EAF is the original plaintiff and that the case in state court is captioned as *Equable Ascent Financial, LLC v. Roberto Blanco*. Pl.'s Original Pet., Feb. 16, 2010, ECF No. 4. EAF claims to be the "defendant" in this case

based on counterclaims filed by Blanco and by virtue of its decision to dismiss its claims in state court voluntarily. Notably, neither the Court, nor the state court, has realigned the parties— EAF's contention that it is the "defendant" is based solely on its own assertion. In reality, EAF is the original plaintiff who has dropped its claims and is now merely a counter-defendant.

In EAF's Original Petition, it alleges that it has the legal rights to collect on a credit agreement between Blanco and Wells Fargo Financial, Inc. and that EAF may now collect because Blanco has defaulted by failing to make timely payments. *Id.* According to EAF, Blanco owes $8,774.20 and EAF is entitled to an additional $3,500.00 in attorneys' fees. *Id.* Blanco denies that he is liable to EAF and has filed several counterclaims, including a counterclaim pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Def.'s Original Answer, ECF No. 2; Def.'s Original Countercl., ECF No. 2.

EAF filed a "Notice of Nonsuit" in state court on April 12, 2012, over two years after EAF initiated the suit and after it filed two motions for summary judgment. ECF No. 2. On the same day, EAF removed this case to the Court claiming to have been the "defendant" in the state court action and asserting removal under the Court's arising-under jurisdiction. Notice of Removal ¶ 3. The Court *sua sponte* remanded the case, noting that a counter-claim against a plaintiff who is an original party to the suit cannot form the basis of federal jurisdiction. Order of Remand 2-3, May 4, 2012, ECF No. 14. Additionally, the Court instructed the parties to file briefs discussing the propriety and proper amount, if any, of attorneys' fees to award in this case.

## II.   LEGAL STANDARD

After a court has found removal to be improper and remanded the case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). However, attorneys' fees are not granted as a right. Generally in

2

fact, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).[1] In "unusual circumstances," a court may depart from this rule, such as when one party causes unnecessary delay or "fails to disclose facts necessary to determine jurisdiction." *Id.*

## III.  ANALYSIS

### A.  EAF Lacked an Objectively Reasonable Basis for Removal

EAF lacked an objectively reasonable basis for seeking removal, when it sought removal as a plaintiff based on a counter-claim, because the case law precluding removal by a plaintiff/counter-defendant is clear and well established. As a general rule, "[p]laintiffs cannot remove [a case to federal court], even when they are in the position of defendants with regard to a counterclaim asserted against them." 14C CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3730, at 432 (4th ed. 2009). In fact, the removal statute is addressed specifically to defendants, not plaintiffs or counter-defendants. 28 U.S.C. § 1441(a) (2006) (a case pending in a state court "may be removed by the *defendant* or the *defendants*" to a United States District Court) (emphasis added). "The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants." *In Re Crystal Power Co., Ltd*, 641 F.3d 82, 86 n.10 (5th Cir. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105-08 (1941)).

---

[1] Stated differently, "attorney's fees should be denied if an objectively reasonable basis [for removal] exists." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)).

EAF contends that its removal action was objectively reasonable based on case law. EAF Brief 1.; EAF Resp. 1-2. It cites to *one* case in support of this argument, *Sadeghian v. City of Aubrey, Texas*, which EAF contends has identical facts to this case. *Id.* ¶¶ 5-8 (citing 2001 WL 215931 (N. D. Tex. March 1, 2001)). In *Sadeghian*, as here, the original plaintiff (the City of Aubrey) voluntarily dismissed its claims in state court. 2001 WL 215931 at *1. Given that the only remaining claim between the parties was Sadeghian's federal claim, the district court realigned the parties and upheld removal. *Id.*

As a preliminary matter, the Court notes that the ruling in *Sadeghian* is unpublished and is not binding precedent on the Court because it comes from a parallel authority—another district court. Moreover, subsequent Supreme Court authority has made it clear that "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Under the well-pleaded complaint rule, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (emphasis in original) (quoting *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987)). Accordingly, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court has explicitly "declin[ed] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule.'" *Id.* at 832 (emphasis in original).

Given the clarity of the binding legal authority on this matter, the Court concludes that EAF was objectively unreasonable when it relied on non-binding legal authority that preceded

the Supreme Court decisions cited above.[2]  As a result, the Court will award Blanco reasonable attorneys' fees.

### B.   Attorneys' Fees Calculation

"The determination of a fees award is a two-step process." *Jimenez v. Wood Cnty, Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citation omitted), *vacated en banc*, 626 F.3d 870 (5th Cir. 2010), *reinstated as to attorneys' fees*, 660 F.3d 841, 844 n.1 (5th Cir. 2011).  First, a district court must determine the "lodestar." *Id.*  In the second step, where courts determine whether to deviate from the lodestar amount, a court applying federal law should consider the twelve *Johnson* factors. *Id.* at 380.  When a court awards attorneys' fees following improper removal, the award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

#### 1.   Finding the Lodestar

The lodestar is comprised of "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Jimenez*, 621 F.3d at 379.  As a starting point, the Court looks to the amount of hours that Blanco claims to have reasonably expended. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (beginning its analysis with the claimant's billing records).

##### a.   Number of Hours

Blanco asserts that two attorneys worked on the remand issue.  One attorney worked "over 70 hours on the removal and remand activities," but offers that 59.5 of those hours are compensable.  Mot. Attach. A ¶ 5.  The other attorney worked a total of 1.5 hours on the remand

---

[2] Notably, this is not a case in which the state court realigned the parties prior to removal.

issue. Mot. Attach. 1; Ex. 4. In support of these hourly calculations, Blanco includes detailed time logs evidencing the amount of time its attorneys spent on each task, measured to the tenth of an hour. The logs also include the nature of the tasks performed, for example including the specific cases the attorneys were reading, the topics being researched, and the names of those with whom the attorneys consulted. Mot. Exs. 2, 4.

The Court concludes that Blanco's proposed hourly total of sixty-one billable hours is excessive in this case. While the Court acknowledges that Blanco was in the process of preparing a motion to remand, the Court notes that Blanco never actually filed that motion because the Court acted sua sponte to remand the case ten days before the deadline to file a motion to remand closed. Because a "court should exclude all time that is excessive, duplicative, or inadequately documented" when calculating the lodestar, *Avitts*, 111 F.3d at 32, the Court will exclude all but twenty hours as excessive. Further, the Court excludes all time devoted to responding to EAS's plea in abatement because that issue is not exclusive to the removal action.[3]

Twenty hours is a reasonable amount of time for Blanco to have devoted to researching and partially drafting a motion to remand, drafting its motion for attorneys' fees, complying with the Court's orders and the local rules, and in conducting all of the other work that resulted exclusively from EAS's removal action. The issues presented by EAS's improper removal were not overly complex, difficult, or more time consuming than in an average removal. The amount in controversy, while certainly of great weight to Blanco in particular, is low and does not

---

[3] A plea in abatement is an "archaic common law pleading" that was "abolished" in federal courts by the Supreme Court in 1938. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 720 (5th Cir. 1995) (explaining that the plea in abatement has been supplanted by Federal Rules of Civil Procedure 12(b) and 41). Therefore, it should not have been filed in federal court, but it may be filed in the state court.

6

warrant an attorney potentially incurring hours of expenses that might exceed the client's award or savings.[4]

### b.     Hourly Rate

As to the proper rate of compensation, Blanco contends that hourly rates of $300 and $350 are appropriate for the two attorneys, respectively. Mot. Attach. A. ¶ 5. The Court concludes that these rates are excessive. The rate in El Paso for the type of consumer collection defense is approximately $200.00 hourly. Blanco bases his argument, in part, on the average rates charged in Dallas, Houston, and San Antonio. Mot. Attach. A ¶ 4. He excludes mention of the average rates in El Paso, the location where this case has been brought. The Court is unaware of any reason why it should look to the rates of these other locations in this case. Moreover, it is not clear that the average rates cited by Blanco are for the type of legal work at issue in this case. "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotations and citation omitted). Accordingly, the Court sees no reason to depart from the normal hourly rate for this type of work in El Paso when calculating the lodestar. The normal hourly rate properly accounts for the difficulty of this particular case, the skill required by lawyers in addressing these matters, and the other work that the attorneys may have foregone to address the removal.

### c.     Lodestar Calculation

In the final step of the lodestar calculation, the Court multiplies the reasonable hourly rate by the number of hours reasonably expended. *Jimenez v. Wood Cnty, Tex.*, 621 F.3d 372, 379 (5th Cir. 2010). As a result, the lodestar calculation in this case is $4000.00.

---

[4] Blanco seeks nearly $19,000 in attorneys' fees, but was originally sued for less than $12,500, including attorney's fees.

### 2. Adjustment to the Lodestar

"Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Id.* at 381. However, there is "'a strong presumption that the lodestar is sufficient.'" *Id.* at 380 (quoting *Purdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010)). The Johnson factors are guidelines and include:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006)

The Court determines that the circumstances of this case do not warrant an adjustment to the lodestar. The relevant factors that would warrant an increase or decrease are already accounted for in the Court's determination as to the reasonable number of hours and the reasonable hourly rate; adjusting the lodestar based on those same factors "would be impermissible double counting." *Id.*

### IV. CONCLUSION

EAS was objectively unreasonable in its decision to remove this case to federal court. Therefore, Blanco is entitled to an award of reasonable attorneys' fees.

Accordingly, **IT IS ORDERED** that Blanco's "Motion for Attorneys' Fees" (ECF No. 19) is **GRANTED.**

IT IS FURTHER ORDERED that Roberto Blanco shall have and recover $4000.00 in attorneys' fees from Equable Ascent Financial, LLC, plus post-judgment interest at the applicable statutory rates or as allowed under the law.

IT IS FURTHER ORDERED that all pending motions, if any, are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**SIGNED** this **12th** day of **June, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE